[Cite as *First Natl. Bank of Omaha v. Spirit Med. Transport*, 2017-Ohio-1468.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**DARKE COUNTY**

| | | |
|---|---|---|
| FIRST NATIONAL BANK OF OMAHA | : | |
| | : | |
| *Plaintiff-Appellant* | : | Appellate Case No. 2016-CA-8 |
| | : | |
| v. | : | Trial Court Case No. 2015-CV-356 |
| | : | |
| SPIRIT MEDICAL TRANSPORT | : | (Civil Appeal from |
| | : | Common Pleas Court) |
| *Defendant-Appellee* | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 21st day of April, 2017.

. . . . . . . . . . .

YALE R. LEVY, Atty. Reg. No. 0065006, and KRISHNA K. VELAYUDHAN, Atty. Reg. No. 0074606, 4645 Executive Drive, Columbus, Ohio 43220
        Attorneys for Plaintiff-Appellant

JOHN R. FOLKERTH, JR., Atty. Reg. No. 0016366, 109 North Main Street, 500 Performance Place, Dayton, Ohio 45402
        Attorney for Defendant-Appellee

. . . . . . . . . . . . .

TUCKER, J.

{¶ 1} Plaintiff-appellant First National Bank of Omaha (First National) appeals from a judgment dismissing its complaint against defendant-appellee Spirit Medical Transport (Spirit). First National contends that the trial court erred in holding that it had not complied with the provisions of R.C. Chapter 1703, and that it, thus, could not maintain an action in Ohio.

{¶ 2} We conclude that the record in this case supports the finding that First National is subject to the licensing requirements of R.C. Chapter 1703. We further conclude that First National failed to obtain a license as required, and thus, is precluded from maintaining a cause of action in Ohio. Therefore, we conclude that the trial court did not err in dismissing the complaint. Accordingly, the judgment of the trial court is affirmed.

## I. Procedural History

{¶ 3} On August 8, 2015, First National filed a complaint against Spirit alleging that Spirit had entered into a credit card agreement with First National, had defaulted on payment, and owed First National the sum of $52,552.68. Spirit filed an answer denying all the allegations in the complaint and raising various affirmative defenses. In its third affirmative defense, Spirit stated that First National "is not licensed to do business in the state of Ohio and is therefor [sic] precluded from bringing this action."

{¶ 4} The matter proceeded to a bench trial. First National presented the testimony of its employee, Joseph Gunther. Gunther testified that First National does not have property or employees in Ohio. He testified that Spirit applied for the subject credit card through Old National Bank. Gunther's testimony indicates that the account

originated with Old National Bank for Bank of America, but that First National subsequently purchased the account from Bank of America. Gunther was unable to produce the original credit card application. Gunther testified that First National has an "agent bank relationship" with Old National Bank. Tr. p. 15. He further testified that Old National Bank, as its agent, solicits business from individuals and companies for First National. Gunther testified that First National provides the credit card applications to Old National Bank for use with customers. Spirit presented the testimony of its president, Brian Hathaway. Hathaway testified that Spirit obtained the credit card through Old National Bank located in Union City, Ohio.

{¶ 5} The parties submitted post-trial briefs. In its brief, First National stated that it did not transact business in Ohio. It also argued that it is a national bank, and thus, exempt from R.C. Chapter 1703.

{¶ 6} The trial court issued a judgment entry dismissing the complaint. The trial court found that First National failed to comply with the terms of R.C. Chapter 1703, and that it, thus, could not maintain the action. Further, the trial court found that First National failed to prove that it is a national bank exempt from Ohio's licensing provisions. First National appeals.

**II. First National Must Be Licensed with the Ohio Secretary of State**

{¶ 7} First National's sole assignment of error states:

THE TRIAL COURT ERRED IN HOLDING THAT APPELLANT WAS REQUIRED TO BE LICENSED WITH THE OHIO SECRETARY OF STATE AS A CONDITION PRECEDENT TO FILING SUIT IN OHIO UNDER SECTION 1703 OF THE OHIO REVISED CODE.

{¶ 8} First National contends that the trial court's decision must be reversed because the court erred in finding that it is subject to the licensing provisions of R.C. Chapter 1703.

{¶ 9} R.C. 1703.03 states, in part, that "[n]o foreign corporation not excepted from sections 1703.01 to 1703.31 of the Revised Code, shall transact business in this state unless it holds an unexpired and uncanceled license to do so issued by the secretary of state." A foreign corporation is one "incorporated under the laws of another state or a bank, savings bank, or savings and loan association chartered under the laws of the United States, the main office of which is located in another state." R.C. 1703.01(B). R.C. 1703.02 sets forth an exception to the licensing requirement for foreign corporations "engaged in this state solely in interstate commerce * * *." Further, national banks are exempted from the licensing provisions. R.C. 1703.031. R.C. 1703.29(A) provides, in pertinent part, that "[t]he failure of any corporation to obtain a license under sections 1703.01 to 1703.31 of the Revised Code, does not affect the validity of any contract with such corporation, but no foreign corporation that should have obtained such license shall maintain any action in any court until it has obtained such license."

{¶ 10} Essentially, these statutes provide that a foreign corporation must obtain a license before transacting business in Ohio. As a penalty for transacting business without such a license, Ohio precludes foreign corporations from maintaining a suit in its courts. First National does not deny that it is an unlicensed, foreign corporation. Therefore, unless an exception or exemption applies, First National cannot maintain an action in the Ohio court system.

{¶ 11} First National contends that it is exempt from the provisions of R.C. Chapter

1703. In support, First National argues that it is engaged solely in interstate commerce. It also argues that its presence in Ohio is limited to the filing of this lawsuit, which it claims is not sufficient for a finding of transacting business.

{¶ 12} R.C. Chapter 1703 does not define interstate commerce. "When a statute does not define a relevant term, as is the case here, a court must look to its common, ordinary meaning." *Cincinnati Metro. Hous. Auth. v. Edwards*, 174 Ohio App.3d 174, 2007-Ohio-6867, 881 N.E.2d 325, ¶ 19 (1st Dist.). "This may include the use of dictionary definitions." *Id.* " 'Interstate commerce' is broadly defined as commerce between a point in one state and a point in another state, [or] between points in the same state through another state * * *." *Dot Systems, Inc. v. Adams Robinson Ent., Inc.*, 67 Ohio App.3d 475, 480, 587 N.E.2d 844 (4th Dist. 1990).

{¶ 13} "The determination of whether a corporation engages solely in interstate commerce and is thus exempt from a state's licensing requirements is largely factual, dependent upon the totality of the relevant circumstances surrounding the corporation's business operations." *Dot Systems*, at 480. "[I]t is recognized that a foreign corporation engages in business within a state, and hence is not engaged 'solely' in interstate commerce, when it has entered the state by its agents and is there engaged in carrying on and transacting through them some substantial part of its ordinary or customary business, usually continuous in the sense that it may be distinguished from merely casual, sporadic, or occasional transactions and isolated acts". *Id.* at 481.

{¶ 14} First National argues that its sole action in Ohio, the mere filing of a lawsuit, is not sufficient for finding that a foreign corporation is transacting business in Ohio. However, this ignores Gunther's testimony that Old National Bank is an agent of First

National, and that as such agent, it solicits business on behalf of First National. The evidence also establishes that Old National Bank is located in Union, Ohio. While Gunther did not specify how often Old National Bank acts in this capacity, it is reasonable to infer form his testimony that it does so on more than a casual or sporadic basis. Thus, we conclude that the evidence is sufficient to support a finding that First National transacts business within Ohio, and that its actions are not limited to interstate commerce.

{¶ 15} Finally, although not raised in its appellate brief, we note that in its post-trial brief, First National argued that it is a national bank exempt from R.C. Chapter 1703. However, as stated in the trial court's decision, there is no evidence in this record to support that claim. Therefore, we find this argument without merit.

{¶ 16} First National's sole assignment of error is overruled.

### III. Conclusion

{¶ 17} First National's sole assignment of error is overruled, and the judgment of the trial court is affirmed.

. . . . . . . . . . . .

FROELICH, J. and WELBAUM, J., concur.

Copies mailed to:

Yale R. Levy
Krishna K. Velayudhan
John R. Folkerth, Jr.
Hon. Jonathan P. Hein