[Cite as *Stepp v. Proficient Transport, Inc.*, 2017-Ohio-8007.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

Shawn Stepp,                                  :

　　　　Plaintiff-Appellee,              :

　　　　　　　　　　　　　　　　　　　　　　　No. 17AP-376
v.                                            :          (C.P.C. No. 15CV-11457)

Proficient Transport, Inc.,                   :          (ACCELERATED CALENDAR)

　　　　Defendant-Appellant.            :

D E C I S I O N

Rendered on September 29, 2017

**On brief:** *Robert Huff Miller LLC,* and *Robert Huff Miller,*
for appellee. **Argued:** *Robert Huff Miller.*

**On brief:** *Scott R. Mergenthaler,* for appellant. **Argued:**
*Scott R. Mergenthaler.*

APPEAL from the Franklin County Court of Common Pleas

DORRIAN, J.

{¶ 1}  Defendant-appellant, Proficient Transport, Inc. ("Proficient"), appeals from a judgment of the Franklin County Court of Common Pleas granting the motion for summary judgment filed by plaintiff-appellee, Shawn Stepp, on Proficient's counterclaims.  Because we conclude the trial court did not err by finding that Proficient was prohibited from bringing claims in Ohio courts because it was a foreign corporation transacting business in Ohio, and was not exempt from the foreign corporation licensure requirement under Ohio law, we affirm.

**I.  Facts and Procedural History**

{¶ 2}  On December 18, 2015, Stepp filed a complaint in the Franklin County Court of Common Pleas for conversion, replevin, breach of contract, deceptive trade practices, wrongful competition, tortious interference, defamation, unjust enrichment,

negligence, and injunctive relief. As relevant to the present appeal, Stepp asserted Proficient was an Illinois corporation operating in the regional intermodal markets of Chicago and Elwood, Illinois, and Columbus, Ohio, and that one of Proficient's two primary facilities was located in Obetz, Ohio. Stepp further asserted he drove trucks as an independent contractor for Proficient, and that he entered into an agreement to purchase two trucks from Proficient under an installment plan whereby payments would be deducted from amounts Proficient owed to Stepp. Stepp claimed that the agreed amount was deducted over time but that Proficient failed to deliver title to the trucks and wrongfully repossessed one of them. Stepp also filed a motion for temporary restraining order and preliminary injunction.

{¶ 3} Proficient filed an answer and counterclaim in which it asserted that it was an Illinois corporation with offices in Chicago, Illinois, and Obetz, Ohio. Proficient admitted it entered into a purchase agreement with Stepp for two trucks. Proficient further asserted that on December 21, 2015, the parties reached a settlement agreement resolving their disputes. Proficient asserted counterclaims against Stepp for breach of contract, breach of settlement agreement, action on account, unjust enrichment, promissory estoppel, trespass, trespass to chattels, fraudulent inducement, negligent misrepresentation, and conversion.

{¶ 4} Stepp filed a motion for summary judgment on Proficient's counterclaims, asserting that Proficient lacked capacity to maintain any cause of action because it was a foreign corporation and had not complied with the licensure requirement for foreign corporations under Ohio law. Proficient filed a memorandum in opposition, asserting that it was exempt from the foreign corporation licensure requirement pursuant to statute. The trial court granted Stepp's motion for summary judgment finding Proficient was a foreign corporation and had not obtained a license to transact business in Ohio from the secretary of state. The trial court concluded Proficient was not exempt from the licensure requirement because it was not solely engaged in interstate commerce in Ohio and, for purposes of the transactions at issue in the counterclaim, was not a public utility company engaged in interstate commerce in Ohio.

## II. Assignment of Error

{¶ 5}   Appellant appeals and assigns the following sole assignment of error for our review:

> The Trial Court erred in dismissing the Counterclaim of Defendant-Appellant where it failed to find that Defendant-Appellant was not except from registration in Ohio by virtue of the provisions of Ohio R.C. Section 1703.02.

## III. Discussion

{¶ 6}   An order granting summary judgment is subject to de novo review. *Capella III, L.L.C. v. Wilcox*, 190 Ohio App.3d 133, 2010-Ohio-4746, ¶ 16 (10th Dist.), citing *Andersen v. Highland House Co.*, 93 Ohio St.3d 547, 548 (2001).  "[D]e novo appellate review means that the court of appeals independently reviews the record and affords no deference to the trial court's decision."  (Internal quotations and citations omitted.)  *Holt v. State*, 10th Dist. No. 10AP-214, 2010-Ohio-6529, ¶ 9. Summary judgment is appropriate where "the moving party demonstrates that: (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made."  *Cappella III* at ¶ 16, citing *Gilbert v. Summit Cty.*, 104 Ohio St.3d 660, 2004-Ohio-7108, ¶ 6.  In ruling on a motion for summary judgment, the court must resolve all doubts and construe the evidence in favor of the non-moving party.  *Pilz v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 04AP-240, 2004-Ohio-4040, ¶ 8.  Therefore, we undertake an independent review to determine whether Stepp was entitled to judgment as a matter of law on Proficient's counterclaims.

{¶ 7}   Ohio law provides that, with certain exceptions, "[n]o foreign corporation * * * shall transact business in this state unless it holds an unexpired and uncanceled license to do so issued by the secretary of state."  R.C. 1703.03.  The law further provides that "no foreign corporation that should have obtained such license shall maintain any action in any court until it has obtained such license."  R.C. 1703.29(A).  The licensure requirements for foreign corporations "do not apply to corporations engaged in this state solely in interstate commerce * * *; to credit unions, title guarantee and trust companies,

bond investment companies, and insurance companies; or to public utility companies engaged in this state in interstate commerce." R.C. 1703.02.

{¶ 8} Proficient argued in opposition to Stepp's motion for summary judgment that it was exempt from the foreign corporation licensure requirement under R.C. 1703.03 because it was engaged solely in interstate commerce in Ohio or because it was a public utility engaged in interstate commerce in Ohio. The trial court rejected these contentions, holding that Proficient was not engaged solely in interstate commerce in Ohio because it had a permanent facility and employees in Ohio. Thus, the court concluded, Proficient was doing business in Ohio. The court further held that Proficient did not meet the statutory definition of a public utility for purposes of the transactions at issue in the counterclaims because they involved the sale of motor vehicles to an Ohio resident and the financing of those purchases, rather than the transportation of persons or property.

{¶ 9} It is undisputed that Proficient is incorporated under Illinois law and, therefore, is a foreign corporation for purposes of R.C. Chapter 1703. It is also undisputed that Proficient has not obtained a license to do business in Ohio from the secretary of state. Therefore, we must consider whether either of the potentially relevant exceptions to the foreign corporation licensure requirement apply to Proficient.

{¶ 10} First, we will consider whether Proficient was exempt from the licensure requirement as a "corporation[] engaged in [Ohio] solely in interstate commerce." R.C. 1703.02. Other appellate courts considering this exception have noted that the term "interstate commerce" is not defined in R.C. Chapter 1703 and have referred to general rules of common usage. *See Dot Sys., Inc. v. Adams Robinson Ents., Inc.*, 67 Ohio App.3d 475, 480 (4th Dist.1990); *First Natl. Bank of Omaha v. Spirit Med. Transport*, 2d Dist. No. 2016-CA-8, 2017-Ohio-1468, ¶ 12. Those courts have held that interstate commerce generally involves:

> [C]ommerce between a point in one state and a point in another state, between points in the same state through another state or through a foreign country, between points in a foreign country or countries through the United States, and commerce between a point in the United States and a point in a foreign country or in a territory or possession of the United States, but only insofar as such commerce takes place in the United States.

*Dot Sys.* at 480, citing *Black's Law Dictionary* 735 (5th Ed.1979).  In its memorandum in opposition to summary judgment, Proficient asserted that its intermodal and motor carrier business was solely engaged in interstate commerce, and supported this claim with an affidavit from its president asserting that its intermodal business solely involved interstate commerce.  Beyond this bare assertion, however, the affidavit lacked any facts to establish that Proficient's business in Ohio was limited to conducting interstate commerce."  Affidavits that merely set forth legal conclusions without stating supporting facts are insufficient under Civ.R. 56."  *Deutsche Bank Natl. Trust Co. v. Thomas*, 10th Dist. No. 14AP-809, 2015-Ohio-4037, ¶ 19, citing *Tolson v. Triangle Real Estate*, 10th Dist. No. 03AP-715, 2004-Ohio-2640, ¶ 12.

{¶ 11} The relevant question for determining whether Proficient was exempt from the foreign corporation licensure requirement is whether it is engaged *solely* in interstate commerce in this state or whether it is also doing business within Ohio.

> "It is well-recognized * * * that a foreign corporation transacts business within a state when 'it has entered the state by its agents and is there engaged in carrying on and transacting through them some substantial part of its ordinary or customary business, usually continuous in the sense that it may be distinguished from merely casual, sporadic, or occasional transactions and isolated acts.' "

*State ex rel. Physicians Commt. for Responsible Medicine v. Bd. of Trustees of Ohio State Univ.*, 108 Ohio St.3d 288, 2006-Ohio-903, ¶ 21, quoting *Auto Driveway Co. v. Auto Logistics of Columbus*, 188 F.R.D. 262, 265 (S.D.Ohio 1999), quoting *Dot Sys.* at 481.  The Supreme Court of Ohio has suggested that a foreign corporation's activities must be "permanent, continuous, and regular to constitute 'doing business' in Ohio."  *Physicians Commt.* at ¶ 21.

{¶ 12} In *Dot Systems*, the Fourth District Court of Appeals held that a Kentucky corporation was not engaged solely in interstate commerce in Ohio where it entered into a subcontract to perform concrete work on a wastewater treatment plant being constructed in Lawrence County, Ohio.  The court reasoned that performance of the subcontract would involve more than casual, sporadic, or occasional acts in Ohio, and that the corporation would be transacting a substantial part of its ordinary or customary business in the state.  *Id.* at 481.  Similarly, in *L & W Supply Co., Inc. v. Constr. One, Inc.*, 3d Dist.

No. 5-99-55 (Mar. 31, 2000), the Third District Court of Appeals held that a drywall subcontractor with a principal place of business in Illinois was engaged in business in Ohio when it contracted to provide labor and materials for installation of drywall at a site in Ohio and brought workers in from outside the state to perform the work, which lasted approximately three months. *See also First Natl.* at ¶ 13-14 (holding that a bank transacted business in Ohio because it had an agent located in Ohio that solicited business on its behalf on more than a casual or sporadic basis). *Compare Cassorla Bros., Inc. v. Midwest Fireworks, Mfg. Co., Inc.*, 11th Dist. No. 97-P-0082 (June 26, 1998) (holding that trial court did not err by concluding that company was engaged solely in interstate commerce in Ohio because it had no offices in Ohio, employed no sales people in the state, did not specifically direct advertising to Ohio customers, and, other than the sale at issue in the litigation, had never sold any products in Ohio).

{¶ 13} Proficient stated in its counterclaim that its principal office is located in Chicago and that it also has a facility located in Obetz, Ohio. Further, Proficient stated that two of its eight total employees are located at the facility in Obetz. Thus, while Proficient may be engaged in interstate commerce in Ohio through its intermodal business, it also has a permanent presence in Ohio. Without any indication by affidavit or other evidence to the contrary, this indicates continuous activity in this state rather than mere casual, sporadic, or occasional acts. Moreover, the counterclaims Proficient asserted in the trial court involved sales of trucks within Ohio, the financing of those sales, and a settlement agreement purporting to resolve Stepp's claims related to those transactions. Therefore, Proficient was not engaged *solely* in interstate commerce in Ohio and was not exempt from the foreign corporation licensure requirement on that basis. *See Bendix Autolite Corp. v. Midwesco Ents., Inc.*, 486 U.S. 888, 899 (1988) (Rehnquist, C.J., dissenting), citing *Union Brokerage Co. v. Jensen*, 322 U.S. 202 (1944) ("[W]here a foreign corporation is engaged in both interstate and intrastate commerce in a particular commodity, a State may require licensure in order to sue in connection with an intrastate aspect of the business.").

{¶ 14} Second, we will consider whether Proficient was exempt from the licensure requirement as a "public utility compan[y] engaged in [Ohio] in interstate commerce." R.C. 1703.02. The term "public utility" is not defined in R.C. Chapter 1703. The trial

court applied the definition of that term contained in R.C. Chapter 4905. Under those statutes, a "public utility" is defined to include a "for-hire motor carrier." R.C. 4905.02(B)(1). The statutes further provide that a person or entity:

> [Is a] for-hire motor carrier, when engaged in the business of transporting persons or property by motor vehicle for compensation, except when engaged in any of the operations in intrastate commerce described in divisions (B)(1) to (9) of section 4921.01 of the Revised Code, but including the carrier's agents, officers, and representatives, as well as employees responsible for hiring, supervising, training, assigning, or dispatching drivers and employees concerned with the installation, inspection, and maintenance of motor-vehicle equipment and accessories.

R.C. 4905.03(B). The trial court concluded that Proficient generally qualified as a public utility under this definition, but found that it was not a public utility for purposes of the transactions at issue in the counterclaims because those transactions did not involve the transportation of persons or property for compensation.

{¶ 15} Assuming for purposes of analysis that the definition contained in R.C. Chapter 4905 applies to the use of the term "public utility" in R.C. 1703.02, we must consider whether Proficient qualified as a public utility under that definition.[1] Proficient appears to argue that the trial court added additional exceptions to the definition of public utility beyond those contained in the statue. We disagree. In construing a statute, it is presumed that every word in the statute is intended to have some effect. *DHSC, LLC v. Ohio Dept. of Job & Family Servs.*, 10th Dist. No. 11AP-424, 2012-Ohio-1014, ¶ 29. R.C. 4905.02(B)(1) specifies that the term "public utility" includes a "for-hire motor carrier." R.C. 4905.03(B) further provides that an individual or entity is a for-hire motor carrier "*when* engaged in the business of transporting persons or property by motor vehicle for compensation." (Emphasis added.) Thus, by implication, when an individual or entity is not engaged in the business of transporting persons or property by motor vehicle for compensation, it is not a for-hire motor carrier and, correspondingly, is not a public

---

[1] We note that some appellate courts have held that the definition of the term public utility contained in R.C. Chapter 4905 may not apply to other contexts where the Revised Code refers to public utilities. *See, e.g., Coventry Twp. v. Ecker*, 101 Ohio App.3d 38, 41 (9th Dist.1995) ("[T]his court has repeatedly held that even though an entity is considered a public utility for purposes of PUCO regulation under R.C. Chapter 4905, that designation does not make it a public utility in fact for purposes of the zoning exemption in R.C. 519.211(A).").

utility. As explained above, the transactions at issue in Proficient's counterclaims did not involve the transportation of persons or property; rather, they involved sales of trucks and financing of those sales. Therefore, Proficient was not operating as a for-hire motor carrier for purposes of those transactions. In construing a similar definition for the term "telephone company" pursuant to R.C. 4905.03(A), the United States District Court for the Southern District of Ohio has held that a telephone company does not constitute a public utility when it is not engaged in the business of transmitting telephonic messages. *Directory Sales Mgt. Corp. v. Ohio Bell Tel. Co.*, S.D.Ohio No. C84-773 (June 23, 1986) ("Thus, if engaged in the business of selling, advertising or listings in classified business telephone directories, a telephone company is not a public utility and not within the power and jurisdiction of the PUCO."). *See also Yocca v. Leaders Moving Co.*, Franklin C.P. No. 2014CV-4214 (Dec. 19, 2014) (holding that a moving company was not covered by for-hire motor carrier exemption under Ohio Consumer Sales Practices Act because the claims asserted in the case involved storage services rather than transportation of persons or property). Because the transactions at issue in the counterclaims did not involve the transportation of persons or property by motor vehicle for compensation, Proficient was not exempt from the foreign corporation licensure requirement as a public utility engaged in Ohio in interstate commerce.

{¶ 16} Accordingly, we overrule Proficient's assignment of error.

## IV. Conclusion

{¶ 17} For the foregoing reasons, we overrule Proficient's sole assignment of error, and affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

BROWN and HORTON, JJ., concur.

————————————