DECISION
{¶ 1} Appellant, Todd Pilz, appeals from a judgment of the Ohio Court of Claims that granted summary judgment in favor of appellee, State of Ohio, Department of Rehabilitation and Correction, and sets forth the following assignments of error:
1. Plaintiff was denied due process of law when the Court of Claims granted the motion for summary judgment where plaintiff's continued imprisonment was based on a void judgment entered in violation of due process of law.
2. Plaintiff was denied due process of law when the court refused to grant [plaintiff's] motion for summary judgment and struck his cross-motion for summary judgment.
 {¶ 2} In July 1996, appellant entered a plea of guilty to one count of aggravated robbery and was sentenced by the Cuyahoga County Court of Common Pleas to serve 10 to 25 years in prison, but the sentence was suspended and appellant was placed on probation. In December 1996, appellant pled guilty to robbery and was sentenced to three years in prison by the Medina County Court of Common Pleas. The last day of appellant's sentence arising from the Medina County conviction was December 7, 1999.
 {¶ 3} In June 1997, appellant appeared in the Cuyahoga County Court of Common Pleas for a probation revocation hearing. At the hearing, the court stated appellant's probation would continue with additional conditions after he completed his sentence arising from the Medina County conviction. The 1997 judgment entry sent to the Department of Rehabilitation and Correction, however, stated that the original sentence was imposed and was to be served consecutive to the Medina County sentence. Eventually, another judge of the Cuyahoga County Court of Common Pleas filed a corrected judgment entry and appellant was released in February 2003.
 {¶ 4} Appellant filed suit in the Ohio Court of Claims alleging he was falsely imprisoned. The court concluded that, on its face, the 1997 entry imposing appellant's original sentence of 10 to 25 years was valid and, until the Department of Rehabilitation and Correction received a corrected entry, it had no authority to release appellant.
 {¶ 5} We will address the procedural issue raised by appellant's second assignment of error first. In this assignment of error, appellant argues the trial court abused its discretion by sua sponte striking his motion for summary judgment. On January 20, 2004, appellant filed a combined memorandum in opposition to appellee's motion for summary judgment and his own cross-motion for summary judgment. Following a pretrial conference, the trial court struck the cross-motion for summary judgment as being untimely filed.
 {¶ 6} The trial court's decision to strike appellant's cross-motion for summary judgment was within its discretion and in order to demonstrate error, appellant must show the trial court abused that discretion. In order to find that the trial court abused its discretion, we must find more than an error of law or judgment, an abuse of discretion implies that the court's attitude is unreasonable, arbitrary or unconscionable. Blakemorev. Blakemore (1983), 5 Ohio St.3d 217, 219. Most instances of an abuse of discretion result in decisions that are unreasonable as opposed to arbitrary and capricious. AAAA Enterprises, Inc. v.River Place Community Urban Redevelopment Corp. (1990),50 Ohio St.3d 157. A decision that is unreasonable is one that has no sound reasoning process to support it.
 {¶ 7} The scheduling order issued by the trial court on May 20, 2003, set December 23, 2003 as the deadline for dispositive motions. Appellant's cross-motion for summary judgment was filed one month later without leave of court. Appellant has failed to assert how he was prejudiced by the trial court's action in striking his cross-motion for summary judgment or denied due process. Further, appellant has failed to set forth any reason why he was unable to file his cross-motion for summary judgment in accordance with the scheduling order issued by the court in May 2003. As discussed in conjunction with the first assignment of error, since the parties agreed to the essential facts in this case, the trial court was presented solely with a question of law. Appellant's second assignment of error is overruled.
 {¶ 8} In his first assignment of error, appellant argues the trial court erred by granting summary judgment in favor of appellee, as he was held pursuant to a void judgment and, therefore, falsely imprisoned. Summary judgment is proper if there are no genuine issues of fact and the moving party is entitled to judgment as a matter of law. It is a procedural device designed to terminate litigation at an early stage where a resolution of factual disputes is unnecessary. However, it must be awarded with caution, resolving all doubts and construing the evidence against the moving party, and granted only when it appears from the evidentiary material that reasonable minds can only reach a conclusion adverse to the party opposing the motion. See Norris v. Ohio Std. Oil Co. (1982), 70 Ohio St.2d 1;Harless v. Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64; and Ohio Bus Sales, Inc. v. Toledo Bd. of Edn. (1992),82 Ohio App.3d 1. In Dresher v. Burt (1996), 75 Ohio St.3d 280, the Ohio Supreme Court stated that the moving party, on the ground the non-moving party cannot prove its case, has the initial burden of informing the trial court of the basis for the motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential elements of the non-moving party's claim. Once the moving party satisfies this initial burden, the non-moving party has the reciprocal burden to set forth specific facts showing there is a genuine issue for trial.
 {¶ 9} Appellate review of summary judgment is de novo and, as such, we stand in the shoes of the trial court and conduct an independent review of the record. Koos v. Central Ohio Cellular,Inc. (1994), 94 Ohio App.3d 579.
 {¶ 10} In Bennett v. Ohio Dept. of Rehab. Corr. (1991),60 Ohio St.3d 107, at paragraphs one and two of the syllabus, the Supreme Court of Ohio held:
1. In the absence of an intervening justification, a person may be found liable for the tort of false imprisonment if he or she intentionally continues to confine another despite knowledge that the privilege initially justifying that confinement no longer exists.
2. Pursuant to R.C. 2743.02(A)(1), the state may be held liable for the false imprisonment of its prisoners.
 {¶ 11} Appellant argues that, because the sentence pronounced in open court in June 1997 varied from the written entry later filed by the court, the latter entry was void and appellee had no privilege to hold him past the expiration of his Medina County sentence. We disagree.
 {¶ 12} Despite the disparity in the court's oral pronouncement and the written entry, appellant still was not entitled to be released earlier. The evidence submitted demonstrates that the only entry appellee received from Cuyahoga County stated appellant was to be incarcerated with the sentence to be served consecutive to that imposed by the Medina County Court of Common Pleas. There is nothing on the face of the 1997 entry from the Cuyahoga County Court of Common Pleas that would suggest it was erroneous or varied from the sentence pronounced in open court and in appellant's presence. Even though another judge later corrected the June 1997 entry, there is no evidence to suggest that appellee was or should have been aware that appellant's probation was to continue until receipt of the corrected entry in February 2003. Upon receipt of the corrected entry, appellee immediately released appellant. Any error is not attributable to appellee and the trial court did not err in granting its motion for summary judgment. Appellant's first assignment of error is overruled.
 {¶ 13} For the foregoing reasons, appellant's assignments of error are overruled, and the judgment of the Ohio Court of Claims is affirmed.
Judgment affirmed.
Brown and Sadler, JJ., concur.