[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Wells Fargo Bank, N.A. v. Burd,* Slip Opinion No. 2018-Ohio-3891.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2018-OHIO-3891

WELLS FARGO BANK, N.A., APPELLANT, *v.* BURD, APPELLEE, ET AL.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Wells Fargo Bank, N.A. v. Burd,* Slip Opinion No. 2018-Ohio-3891.]

*Appeal dismissed as having been improvidently accepted.*

(No. 2017-0279—Submitted April 24, 2018—Decided September 27, 2018.)

APPEAL from the Court of Appeals for Franklin County,

No. 15AP-1044, 2016-Ohio-7706.

_____

{¶ 1} This cause is dismissed as having been improvidently accepted.

O'CONNOR, C.J., and FRENCH, FISCHER, DEWINE, and MILLER, JJ., concur.

KENNEDY, J., dissents, with an opinion joined by PIPER, J.

ROBIN N. PIPER, J., of the Twelfth District Court of Appeals, sitting for O'DONNELL, J.

CHARLES M. MILLER, J., of the First District Court of Appeals, sitting for DEGENARO, J.

**KENNEDY, J., dissenting.**

{¶ 2} I respectfully disagree with the decision to dismiss this appeal as having been improvidently accepted. I believe that one of the propositions of law submitted by appellant, Wells Fargo Bank, N.A., presents a matter of public or great general interest. Therefore, I would address the merits of the appeal.

## Background

{¶ 3} In September 2006, appellee, Christopher Burd, obtained a loan from Centennial Home Mortgage, L.L.C., and signed a note promising to repay the loan. The note was secured by a mortgage in favor of Centennial on property located in Blacklick, Ohio. The mortgage provided that the underlying loan was insured by the Federal Housing Administration ("FHA"). Subsequently, Centennial indorsed the note to Wells Fargo and assigned the mortgage to Wells Fargo.

{¶ 4} In April 2009, Wells Fargo filed a complaint seeking judgment on the note and foreclosure of the mortgage. Thereafter, Wells Fargo and Burd entered into a loan-modification agreement, and Wells Fargo voluntarily dismissed the complaint with prejudice.

{¶ 5} A second complaint was filed by Wells Fargo in February 2012 seeking judgment on the note and foreclosure of the mortgage. The date of default alleged in the complaint was October 1, 2011.

{¶ 6} The parties participated in court-sponsored mediation in August 2012, but were unsuccessful in resolving the dispute. Thereafter, the trial court granted summary judgment in favor of Burd, holding that Wells Fargo had failed to satisfy the requirements of 24 C.F.R. 203.604.

{¶ 7} In August 2014, Wells Fargo filed its third complaint seeking judgment on the note and foreclosure on the mortgage. Wells Fargo asserted that the date of default was October 1, 2011, the same date of default alleged in the second foreclosure complaint. The trial court again granted summary judgment in

favor of Burd, holding that Wells Fargo had failed to comply with the face-to-face-meeting requirement set forth in 24 C.F.R. 203.604, which it concluded was a condition precedent to foreclosure of an FHA-insured mortgage loan.

{¶ 8} Wells Fargo appealed to the Tenth District Court of Appeals, arguing that the trial court erred in granting summary judgment in Burd's favor. Specifically, it argued that the August 2012 court-sponsored mediation fulfilled the face-to-face meeting requirement of 24 C.F.R. 203.604.

{¶ 9} The Tenth District assumed for the sake of analysis that the court-sponsored mediation constituted a face-to-face meeting for purposes of 24 C.F.R. 203.604. 2016-Ohio-7706, ¶ 14. Nevertheless, the Tenth District rejected Wells Fargo's assertion of compliance with the requirements of 24 C.F.R. 203.604. 2016-Ohio-7706 at ¶ 14. The appellate court reasoned that by asserting that the note was due and owing from October 1, 2011, and the face-to-face meeting between Wells Fargo and Burd occurred on August 1, 2012, "Wells Fargo effectively admits that it did not have a face-to-face meeting with Burd 'before three full monthly installments due on the mortgage [were] unpaid' as required by 24 C.F.R. 203.604(b)." (Brackets sic.) 2016-Ohio-7706 at ¶ 12. The Tenth District further held that the fact that court-sponsored mediation occurred before the third foreclosure proceeding had been initiated did not alter the result:

> It is true that this appeal arises from a new foreclosure complaint filed after the unsuccessful mediation session occurred, but that new complaint was based on the same alleged default as the second complaint. Thus, Burd had no opportunity to avoid foreclosure arising from that alleged default.

Id. at ¶ 14.

{¶ 10} We accepted the following issues for review:

In interpreting an administrative regulation, a court should adopt an interpretation that is consistent with the overall regulatory scheme in which the individual regulation is included.

A mortgagee's failure to comply with the timelines provided in 24 C.F.R. § 203.604 does not bar an action to foreclose a mortgage insured by the Federal Housing Association as long as the mortgagee holds or makes a reasonable effort to hold a face-to-face meeting prior to initiating foreclosure.

*See* 150 Ohio St.3d 1451, 2017-Ohio-8136, 83 N.E.3d 938.

**Issue of Public or Great General Interest**

{¶ 11} The FHA, which is a part of the Department of Housing and Urban Development's Office of Housing, https://www.hud.gov/ program_offices/housing/fhahistory (accessed Aug. 15, 2018), provides mortgage-loan insurance on loans made by FHA-approved lenders. The insurance protects lenders against losses that may result from homeowners defaulting on their mortgage loans.

{¶ 12} When a mortgage loan is insured by the FHA, the mortgagee is required to satisfy certain obligations before it can file a foreclosure action. *See U.S. Bank, N.A. v. McMullin*, 55 Misc.3d 1053, 1058, 47 N.Y.S.3d 882 (2017). "It is the intent of the Department [of Housing and Urban Development] that no mortgagee shall commence foreclosure * * * until the requirements of this subpart have been followed." 24 C.F.R. 203.500. 24 C.F.R. 203.606(a) goes on to provide:

Before initiating foreclosure, the mortgagee must ensure that all servicing requirements of this subpart have been met. The mortgagee may not commence foreclosure for a monetary default

4

unless at least three full monthly installments due under the mortgage are unpaid * * *.

And 24 C.F.R. 203.604(b) obligates the mortgagee to "have a face-to-face interview with the mortgagor, or make a reasonable effort to arrange such a meeting, before three full monthly installments due on the mortgage are unpaid."

{¶ 13} A number of Ohio appellate courts have considered the effect of a mortgagee's failure to have a timely face-to-face interview with the mortgagor or make a reasonable effort to arrange such a meeting. There is a division in the courts as to whether 24 C.F.R. 203.604 creates a condition precedent or provides an affirmative defense. The Third, Fifth, Seventh, Eighth, and Ninth Districts have held that it is a condition precedent. *Huntington Natl. Bank v. Filippi*, 3d Dist. Union No. 14-15-03, 2015-Ohio-3096, ¶ 16; *U.S. Bank, N.A. v. Detweiler*, 191 Ohio App.3d 464, 2010-Ohio-6408, 946 N.E.2d 777, ¶ 53 (5th Dist.); *PNC Mtge. v. Garland*, 7th Dist. Mahoning No. 12 MA 222, 2014-Ohio-1173, ¶ 27, 31; *Bank of Am., N.A. v. Michko*, 8th Dist. Cuyahoga No. 101513, 2015-Ohio-3137, ¶ 18; *Wells Fargo Bank, N.A. v. Awadallah*, 9th Dist. No. 27413, 2015-Ohio-3753, 41 N.E.3d 481, ¶ 21. Only the Second District has held that it is an affirmative defense. *Wells Fargo Bank, N.A. v. Goebel*, 2d Dist., 2014-Ohio-472, 6 N.E.3d 1220, ¶ 20.

{¶ 14} The inconsistency on this issue creates uncertainty for trial courts and litigants and compels us to exercise our constitutional duty. *See* Article IV, Section 2(B)(2)(e) of the Ohio Constitution. Indeed, "our role as a court of last resort is not to serve as an additional court of appeals on review, but rather to clarify rules of law arising in courts of appeals that are matters of public or great general interest." *State v. Bartrum,* 121 Ohio St.3d 148, 2009-Ohio-355, 902 N.E.2d 961, ¶ 31 (O'Donnell, J., dissenting). The determination whether the face-to-face-meeting requirement set forth in 24 C.F.R. 203.604 is a condition precedent or an affirmative defense will affect the decision as to what actions a mortgagee must

take, and when, in order to satisfy 24 C.F.R. 203.604's face-to-face-meeting requirement. Deciding these issues will have a widespread effect by providing guidance to litigants, counsel, and courts, and therefore, the issues personify the concept of "public or great general interest." By dismissing this appeal, the majority is permitting the inconsistent outcomes in the appellate courts to continue and is denying the citizens of Ohio a uniform application of the law.

{¶ 15} The court has missed an opportunity today. The fact that the court accepted this case shows that it believed that this area of the law needed clarity, but by dismissing the case, the court permits 24 C.F.R. 203.604 to evade clarification. The issues were thoroughly briefed and well argued before the court; nonetheless, the legal and business communities and the public that are affected by Ohio foreclosure law and practice will have to continue to wait in silence.

{¶ 16} Therefore, I must dissent from the judgment dismissing the appeal as having been improvidently accepted.

PIPER, J., concurs in the foregoing opinion.

_____

Thompson Hine, L.L.P., Scott A. King, and Terry W. Posey Jr., for appellant.

Legal Aid Society of Columbus and Scott E. Torguson; Southeastern Ohio Legal Services and Peggy P. Lee; and Manner Law Firm, L.L.C., and Mathias D. Manner, for appellee, A. Christopher M. Burd.

Steven Sharpe, Noel Morgan, Alpha Taylor, and John Schrider, urging affirmance for amicus curiae Legal Aid Society of Southwest Ohio, L.L.C.

Katherine B. Hollingsworth and Thomas Mlakar, urging affirmance for amicus curiae Legal Aid Society of Cleveland.

Stanley A. Hirtle, urging affirmance for amicus curiae Advocates for Basic Legal Equality, Inc.

John M. Petit and Gregory R. Sain, urging affirmance for amicus curiae Community Legal Aid Services, Inc.

Rosemary E. Scollard, urging affirmance for amicus curiae Pro Seniors, Inc.

_____