[Cite as *Lakeview Loan Servicing, L.L.C. v. Schultz*, 2019-Ohio-4689.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

Lakeview Loan Servicing, LLC, :

    Plaintiff-Appellant, :

                                        No. 18AP-399

v. : (C.P.C. No. 17CV-4507)

Robert D. Schultz, III et al., : (REGULAR CALENDAR)

    Defendants-Appellees. :

---

D E C I S I O N

Rendered on November 14, 2019

---

**On brief:** *Thompson Hine LLP, Scott A. King*, and *Terry W. Posey, Jr.*, for appellant. **Argued:** *Scott A. King.*

**On brief:** *Thomas L. Sooy*, for appellee. **Argued:** *Thomas L. Sooy.*

---

APPEAL from the Franklin County Court of Common Pleas

BROWN, J.

{¶ 1} Plaintiff-appellant, Lakeview Loan Servicing, LLC ("Lakeview"), appeals from a judgment of the Franklin County Court of Common Pleas granting summary judgment in favor of defendant-appellee, Robert D. Schultz, III, and denying Lakeview's motion for summary judgment. For the reasons that follow, we reverse the grant of summary judgment in favor of Schultz and remand the matter to the trial court to grant Lakeview's motion for summary judgment.

{¶ 2} In December 2009, Schultz obtained a loan from First Ohio Home Finance, Inc. ("First Ohio") for $271,016, and signed a note ("the Note") promising to repay the loan. The Note was secured by a mortgage in favor of Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee for First Ohio ("the Mortgage") on property located at 326

Chertsey Court, Westerville, Ohio ("the Property"). The Note was subsequently transferred from First Ohio to Flagstar Bank, FSB ("Flagstar"). The Mortgage was assigned from MERS to Matrix Financial Services Corporation ("Matrix") in June 2014.

{¶ 3} In August 2014, Matrix filed a complaint asserting Schultz was in default on the Note beginning January 1, 2014 and seeking judgment on the Note and foreclosure on the Mortgage ("the first case"). Matrix and Schultz filed motions for summary judgment. The Franklin County Court of Common Pleas denied Matrix's motion for summary judgment and granted Schultz's motion for summary judgment, concluding Matrix failed to demonstrate compliance with 24 C.F.R. 203.604 prior to filing its complaint. The trial court dismissed Matrix's complaint without prejudice.

{¶ 4} On July 28, 2015, Schultz filed a petition for Chapter 7 bankruptcy and he received a discharge on November 10, 2015. The case was closed on December 2, 2015.

{¶ 5} In July 2016, Matrix filed a second complaint asserting Schultz was in default on the Note beginning January 1, 2014. Based on the bankruptcy discharge, Matrix did not seek a personal monetary judgment against Schultz on the note, but sought foreclosure on the Mortgage ("the second case"). In October 2016, Matrix assigned the mortgage to Lakeview. In February 2017, Lakeview was substituted as plaintiff in the second case and voluntarily dismissed the complaint.

{¶ 6} In May 2017, Lakeview filed a complaint asserting Schultz was in default on the Note beginning February 1, 2014, and again, did not seek a personal monetary judgment against Schultz but sought foreclosure on the Mortgage ("the third case"). Lakeview and Schultz filed motions for summary judgment. The trial court denied Lakeview's motion for summary judgment and granted Schultz's motion for summary judgment, concluding Schultz was entitled to judgment as a matter of law because Lakeview failed to comply with 24 C.F.R. 203.604.

{¶ 7} Lakeview appeals and assigns the following two assignments of error for our review:

> [I.] The Trial Court erred in dismissing the Complaint.
>
> [II.] The Trial Court erred in failing to enter summary judgment for Lakeview Loan Servicing, LLC.

{¶ 8} Lakeview argues in its first assignment of error the trial court erred by granting summary judgment in favor of Schultz. Lakeview asserts the trial court erred by concluding Schultz was entitled to summary judgment because Lakeview did not comply with 24 C.F.R. 203.604 and Lakeview was barred by collateral estoppel from demonstrating compliance with that regulation. Lakeview further argues the regulation did not apply because Schultz had been discharged from his personal liability under the Note in a bankruptcy proceeding.

{¶ 9} Summary judgment is appropriate when the moving party demonstrates that: (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion when viewing the evidence most strongly in favor of the non-moving party, and that conclusion is adverse to the non-moving party. *Hudson v. Petrosurance, Inc.*, 127 Ohio St.3d 54, 2010-Ohio-4505, ¶ 29, citing *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). Appellate review of a trial court's ruling on a motion for summary judgment is de novo. *Hudson* at ¶ 29. De novo appellate review means the court of appeals independently reviews the record and affords no deference to the trial court's decision. *Zurz v. 770 W. Broad AGA, LLC*, 192 Ohio App.3d 521, 2011-Ohio-832, ¶ 5 (10th Dist.); *White v. Westfall*, 183 Ohio App.3d 807, 2009-Ohio-4490, ¶ 6 (10th Dist.). In ruling on a motion for summary judgment, the court must resolve all doubts and construe the evidence in favor of the non-moving party. *Pilz v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 04AP-240, 2004-Ohio-4040, ¶ 8. Therefore, we undertake an independent review to determine whether Schultz was entitled to judgment as a matter of law on Lakeview's claims.

{¶ 10} Under the National Housing Act, the Secretary of the United States Department of Housing and Urban Development ("HUD") is authorized to insure mortgage loans for approved lenders to reduce the risk of loss if a borrower defaults on his or her payment obligations. 12 U.S.C. 1709. "By reducing the risk associated with extending a mortgage loan, Congress sought to induce lenders to offer such loans to low-income individuals." *U.S. Bank Natl. Assoc. v. Cavanaugh*, 10th Dist. No. 18AP-358, 2018-Ohio-5365, ¶ 12, citing *GMAC Mtge. of Pennsylvania v. Gray*, 10th Dist. No. 91AP-650 (Dec. 10, 1991). In 24 C.F.R. 203, Subpart C, HUD has identified servicing practices of lending institutions deemed acceptable for mortgages insured by HUD. 24 C.F.R. 203.500. The parties agree the Mortgage provides that the underlying loan is insured by HUD. The

Mortgage also provides acceleration and foreclosure are not permitted unless permitted by HUD regulations.

{¶ 11} 24 C.F.R. 203, Subpart C, includes 24 C.F.R. 203.604 as one of the regulations applicable to HUD-insured mortgages. Under that regulation, 24 C.F.R. 203.604, a mortgagee "must have a face-to-face interview with the mortgagor, or make a reasonable effort to arrange such a meeting, before three full monthly installments due on the mortgage are unpaid." 24 C.F.R. 203.604(b). The regulation provides that a face-to-face meeting is not required if one of several conditions apply, including "[a] reasonable effort to arrange a meeting is unsuccessful." 24 C.F.R. 203.604(c)(5). The regulation further provides that a reasonable effort to arrange a face-to-face meeting "shall consist at a minimum of one letter sent to the mortgagor certified by the Postal Service as having been dispatched" and "at least one trip to see the mortgagor at the mortgaged property, unless the mortgaged property is more than 200 miles from the mortgagee, its servicer, or a branch office of either, or it is known that the mortgagor is not residing in the mortgaged property." 24 C.F.R. 203.604(d).

{¶ 12} Lakeview argued it complied with the requirements of 24 C.F.R. 203.604 by making a reasonable effort to arrange a face-to-face meeting prior to filing the third case. Lakeview submitted an affidavit from Vanessa M. Ellison, a loan administration analyst for Lakeview ("the Ellison Affidavit"). Attached to the Ellison Affidavit was a letter dated March 5, 2014, sent to Schultz by Flagstar, advising Schultz he could request a face-to-face meeting to discuss the status of his loan ("the face-to-face meeting letter"). Lakeview argued the face-to-face meeting letter established compliance with the first step in making a reasonable effort to arrange a face-to-face meeting as provided by 24 C.F.R. 203.604(d). The trial court held that because Lakeview's predecessor, Matrix, failed to present the face-to-face meeting letter during the first case and summary judgment was granted in favor of Schultz in that case, Lakeview was barred by collateral estoppel from arguing in the third case that the face-to-face meeting letter established compliance with the regulation.

{¶ 13} Collateral estoppel, or issue preclusion, "prevents parties or their privies from relitigating facts and issues in a subsequent suit that were fully litigated in a prior suit." *Thompson v. Wing*, 70 Ohio St.3d 176, 183 (1994). "Collateral estoppel applies when the fact or issue: (1) was actually and directly litigated in the prior action, (2) was passed upon and determined by a court of competent jurisdiction, and (3) when the party against whom

collateral estoppel is asserted was a party in privity with a party to the prior action." *Id. See also McCabe Corp. v. Ohio Environmental Protection Agency*, 10th Dist. No. 12AP-204, 2012-Ohio-6256, ¶ 19 ("[T]he elements of issue preclusion under Ohio law are that: (1) the identical issue or fact was actually and directly at issue in a previous action; (2) the issue or fact was passed upon and determined by a court of competent jurisdiction; (3) the issue or fact was actually litigated, directly determined, and essential to the final judgment in the prior action; and (4) both actions involved the same parties, or their privies.").

{¶ 14} In granting summary judgment in favor of Schultz in the first case, the trial court concluded Matrix failed to make a reasonable effort to arrange a face-to-face meeting with Schultz prior to filing for foreclosure. The trial court treated compliance with 24 C.F.R. 203.604(b) as a condition precedent and held that Matrix failed to demonstrate it satisfied this condition precedent prior to filing the first case.[1] The court further concluded Schultz presented evidence establishing Matrix failed to send a certified letter attempting to arrange a face-to-face meeting and Matrix failed to refute Schultz's evidence demonstrating that no genuine issue of material fact existed. The trial court granted summary judgment in favor of Schultz. Under these circumstances, we conclude that collateral estoppel does not bar Lakeview, as the successor to Matrix, from attempting to establish compliance with 24 C.F.R. 203.604(b) in the third case.[2]

{¶ 15} Lakeview further argues the trial court erred by concluding it was barred from filing for foreclosure due to failure to comply with 24 C.F.R. 203.604(b). The trial court held that Lakeview was required under 24 C.F.R. 203.604(b) to have a face-to-face meeting with Schultz or make a reasonable effort to arrange such a meeting before three full monthly installments on the mortgage were unpaid, citing this court's decision in *Wells Fargo Bank,*

---

[1] Despite concluding in the first case that compliance with 24 C.F.R. 203.604 was a condition precedent, the trial court cited this court's decision in *Gray* which held that compliance with the regulation was an affirmative defense. In a recent decision, this court declined to overrule *Gray* but noted that other Ohio courts of appeals have treated compliance with 24 C.F.R. 203.604 as a condition precedent rather than an affirmative defense. *Cavanaugh* at ¶ 20-21.

[2] Schultz cites this court's decision in *Bell v. Ohio State Bd. of Trustees*, 10th Dist. No. 06AP-1174, 2007-Ohio-2790, in support of his argument that collateral estoppel bars Lakeview from establishing compliance with 24 C.F.R. 203.604(b). However, *Bell* involved a scenario where collateral estoppel applied because a federal court made factual findings within a summary judgment ruling that also related to claims that were subsequently brought in a state court action. *Id.* at ¶ 30-39. In the present case, by contrast, the trial court's summary judgment in the first decision involved a finding that Matrix failed to present evidence to establish compliance with 24 C.F.R. 203.604(b), rather than a finding of fact that Matrix had not complied with the regulation.

*N.A. v. Burd*, 10th Dist. No. 15AP-1044, 2016-Ohio-7706. The trial court held because Lakeview failed to conduct a face-to-face meeting with Schultz or make a reasonable effort to arrange such a meeting within the timeline set forth in the regulation, Lakeview failed to comply with a condition precedent to foreclosure on the Mortgage and, therefore, Schultz was entitled to summary judgment.

{¶ 16} In *Burd*, the lender filed an initial foreclosure complaint that it later voluntarily dismissed without prejudice after entering into a loan modification agreement with the homeowner. *Id.* at ¶ 3. The lender subsequently filed a second foreclosure complaint, asserting the homeowner defaulted on his debt as modified by the loan modification agreement. The lender did not have or make a reasonable attempt to have a face-to-face meeting with the homeowner prior to filing the second foreclosure complaint. As part of the second foreclosure proceeding, the lender and the homeowner participated in an unsuccessful court-sponsored mediation. The court granted summary judgment in favor of the homeowner on the second foreclosure complaint, finding the lender failed to satisfy a condition precedent to foreclosure. *Id.* at ¶ 4. The lender then filed a third foreclosure complaint. Prior to filing the third foreclosure complaint, the lender sent a letter to the homeowner via certified mail inviting him to participate in a meeting regarding mortgage payment assistance options, but the lender did not make a trip to see the homeowner at the property. *Id.* at ¶ 10. The lender moved for summary judgment, arguing that participation in the court-sponsored mediation session during the second foreclosure case constituted a face-to-face meeting for purposes of compliance with 24 C.F.R. 203.604(b). *Id.* at ¶ 11. The trial court denied the lender's motion for summary judgment and granted summary judgment in favor of the homeowner, finding the lender failed to comply with the requirements of 24 C.F.R. 203.604(b). *Id.* at ¶ 5. On appeal, this court affirmed in part and reversed in part, holding that under the facts presented, the lender failed to comply with 24 C.F.R. 203.604(b). The court noted the lender made no attempt to comply with the regulation prior to filing its second foreclosure complaint, and then filed the third foreclosure complaint based on the same default date and relying on the previously unsuccessful court-sponsored mediation session, thereby preventing the homeowner from having any real opportunity to avoid the third foreclosure action. *Id.* at ¶ 14.

{¶ 17} Subsequent to the trial court's decision in the present case, this court decided *Cavanaugh*. In *Cavanaugh*, the homeowner stopped making payments on his mortgage after July 1, 2014. The lender sent a letter to the homeowner on June 23, 2015, informing him that he might be eligible for a face-to-face meeting with a representative of the lender. A representative of the lender visited the property on December 20, 2015, in an attempt to contact the homeowner. The lender ultimately filed for foreclosure on July 21, 2017. The trial court granted summary judgment in favor of the lender. On appeal, the homeowner argued the lender failed to comply with 24 C.F.R. 203.604 by sending the certified letter and making the property visit before three full monthly installments due on the mortgage were paid. *Cavanaugh* at ¶ 27. This court rejected the homeowner's argument, finding that, when read in context with related regulations, 24 C.F.R. 203.604(b) requires "a face-to-face meeting, or a reasonable attempt to arrange such a meeting, *before a lender commences foreclosure proceedings.*" (Emphasis added.) *Id.* at ¶ 29. The *Cavanaugh* decision distinguished *Burd*, noting that *Burd* did not expressly hold that failure to meet the timeline specified in 24 C.F.R. 203.604(b) barred a lender from seeking foreclosure. *Cavanaugh* at ¶ 32.

{¶ 18} We conclude that *Cavanaugh*, rather than *Burd*, controls our analysis of the present appeal. This is not a case where the lender completely failed to comply with the requirements of 24 C.F.R. 203.604 before filing for foreclosure. Rather, although Lakeview concedes it did not take the required steps before three full monthly installments on the mortgage were due, it claims it complied with the requirements of the regulation prior to filing the third case. Ellison asserted in her affidavit that Flagstar sent the face-to-face meeting letter to Schultz and that a visit was made to the Property for the purpose of arranging a face-to-face meeting. The exhibits attached to the Ellison Affidavit appear to show the face-to-face meeting letter was sent on March 5, 2014, and that the property visit occurred on April 25, 2017. The third case was filed on May 17, 2017.

{¶ 19} To be entitled to summary judgment, Schultz was required to demonstrate there was no genuine issue of material fact and that he was entitled to judgment as a matter of law. In evaluating Schultz's motion for summary judgment, the court must resolve all doubts and construe the evidence in favor of Lakeview as the non-moving party. *Pilz* at ¶ 8. Schultz failed to demonstrate that Lakeview did *not* comply with 24 C.F.R. 203.604 prior to filing the third case. Based on the holding in *Cavanaugh*, that compliance with 24 C.F.R.

203.604(b) requires having or making a reasonable effort to arrange a face-to-face meeting prior to filing for foreclosure, Schultz failed to establish he was entitled to judgment as a matter of law. Therefore, the trial court erred by granting summary judgment in favor of Schultz.

{¶ 20} Because we find the trial court erred by concluding Schultz was entitled to summary judgment based on Lakeview's failure to comply with 24 C.F.R. 203.604, we need not reach Lakeview's argument that the regulation does not apply because Schultz's personal obligation on the Note was discharged in bankruptcy. Furthermore, Lakeview did not argue this to the trial court. "Under Ohio law, 'arguments raised for the first time on appeal are improper.' " *Tucker v. Leadership Academy for Math & Science of Columbus*, 10th Dist. No. 14AP-100, 2014-Ohio-3307, ¶ 20, quoting *Marysville Newspapers, Inc. v. Delaware Gazette Co., Inc.*, 3d Dist. No. 14-06-34, 2007-Ohio-4365, ¶ 23. In *Tucker*, this court noted that despite a de novo standard of review regarding motions for summary judgment, that standard of review does not supersede the well-settled practice of not addressing issues raised for the first time on appeal. *Id.* at ¶ 20. Accordingly, we sustain Lakeview's first assignment of error.

{¶ 21} Lakeview argues in its second assignment of error the trial court erred by denying its motion for summary judgment. The trial court concluded Lakeview's motion for summary judgment was rendered moot because Schultz was entitled to summary judgment; however, the court further stated Lakeview's summary judgment motion would fail because Lakeview failed to present any evidence beyond the Ellison Affidavit to establish that the face-to-face meeting letter was sent via certified mail.

{¶ 22} Generally, denial of summary judgment is not a final, appealable order. *Carter v. Complete Gen. Constr. Co.*, 10th Dist. No. 08AP-309, 2008-Ohio-6308, ¶ 8, citing *Celebrezze v. Netzley*, 51 Ohio St.3d 89 (1990). "However, when the trial court has entered final judgment in the matter and the case is decided solely on questions of law and undisputed fact, we may consider whether it was error to deny summary judgment." *Huntington Natl. Bank v. R. Kids Count Learning Ctr., LLC*, 10th Dist. No. 16AP-688, 2017-Ohio-7837, ¶ 26. *See also Mulvey v. GuideOne Mut. Ins. Co.*, 10th Dist. No. 17AP-47, 2017-Ohio-7902, ¶ 7 ("While denial of summary judgment is usually not a final appealable order, we may address and rule on such a denial when the trial court has entered final judgment in the matter and the case turns on undisputed facts and purely legal questions.").

{¶ 23} Lakeview argues the trial court erred by holding the Ellison Affidavit was insufficient to establish the face-to-face meeting letter was sent via certified mail, as required under 24 C.F.R. 203.604(d). Ellison averred in her affidavit that the face-to-face meeting letter was mailed via certified mail. In *Cavanaugh*, this court found a similar affidavit to be sufficient to establish that a letter attempting to arrange a face-to-face meeting was sent via certified mail. *See Cavanaugh* at ¶ 26 ("First, the Cavanaughs attack the evidence that U.S. Bank used certified mail to send the June 23, 2015 letter. However, in making this argument, the Cavanaughs ignore the testimony of Crystal D. Crowe, a U.S. Bank officer, who stated in her affidavit that the June 23, 2015 letter was sent 'via certified mail.' "). Thus, the trial court erred in stating that Lakeview failed to establish the face-to-face meeting letter was sent via certified mail.

{¶ 24} Schultz's memorandum in opposition to Lakeview's motion for summary judgment argues that Lakeview did not comply with the second requirement of making a reasonable attempt to arrange a face-to-face meeting under 24 C.F.R. 203.604(d) by undertaking a trip to see the mortgagor at the mortgaged property. The trial court agreed.

{¶ 25} Ellison's Affidavit set forth she was:

> [A] representative of Lakeview Loan Servicing, LLC ("Lakeview or Plaintiff") and [is] duly authorized to make this Affidavit for Lakeview in its capacity as the holder of the note * * *. [She has] the personal knowledge required to execute this Affidavit, and can confirm the accuracy of the information set forth herein. If sworn as a witness, [she] could competently testify to the facts contained herein. [She has] personally reviewed each document attached to this Affidavit.

(Aff. at ¶ 2.)

{¶ 26} "Unless controverted by other evidence, a specific averment that an affidavit pertaining to business is made * * * upon personal knowledge of the affiant * * * satisfies the Civ.R. 56(E) requirement that affidavits supporting and opposing motions for summary judgment show that the affiant is competent to testify to the matters stated." *State ex rel. Corrigan v. Seminatore*, 66 Ohio St.2d 459 (1981), paragraph two of the syllabus. The Ellison Affidavit was sufficient evidence to establish that she had personal knowledge and had reviewed all the documents. Ellison averred she attached "the business records showing that a visit was made to the subject property for the purpose of arranging a face to

face meeting with the borrower."  (Aug. 14, 2017 Memo in Support Mot. Summ. Jgmt. at 2.)

{¶ 27} The Ellison Affidavit was accompanied by an exhibit showing a visit was made to the property for purposes of arranging a face-to-face meeting with Schultz.  That exhibit consisted of a two-page document issued by Mortgage Contracting Services, LLC, containing 14 photographs of the property and the surrounding area.  Although the photographs as filed with the trial court are blurry, the photographs bear labels such as "address number view," "front view," "occupancy indicators," and "other" and are discernible.[3]  The Ellison Affidavit establishes that exhibit 11 is a business record that provides a visit was made for the specified purpose.  The Ellison Affidavit sufficiently established the second requirement under 24 C.F.R. 203.604(b) of making a reasonable attempt to arrange a face-to-face meeting.  Lakeview's second assignment of error is sustained.

{¶ 28}  For the foregoing reasons, we sustain Lakeview's two assignments of error.  We reverse the judgment of the Franklin County Court of Common Pleas to the extent it granted summary judgment in favor of Schultz and denied Lakeview's motion for summary judgment.  We remand the matter to the Franklin County Court of Common Pleas in order to grant Lakeview's motion for summary judgment.

*Judgment reversed*
*and cause remanded.*

McGRATH, JJ, concurs.

DORRIAN, J., concurring in part and dissenting in part.

{¶ 29}  I concur with the majority's conclusion that collateral estoppel does not bar Lakeview Loan Servicing, LLC ("Lakeview"), as the successor to Matrix Financial Services Corporation ("Matrix"), from attempting to establish compliance with 24 C.F.R. 203.604(b) in the third case.  I also concur that *U.S. Bank, N.A. v. Cavanaugh*, 10th Dist. No. 18AP-358, 2018-Ohio-5365, rather than *Wells Fargo Bank, N.A. v. Burd*, 10th Dist.

---

[3] Upon this panel's inquiry of court staff as to whether the trial court was presented with copies of the exhibits more legible than the electronic record provided to this court, court staff reached out to appellant's counsel in an effort to obtain a more legible copy. Appellant's counsel did provide court staff with another copy of the exhibit.  However, because this copy was not before the trial court and appellee's counsel was not also contacted by court staff, the panel declines to review and consider the copy of the exhibit provided to this court's staff.  We only consider the copy of the exhibit provided to the trial court.

No. 15AP-1044, 2016-Ohio-7706, controls our analysis of the present appeal. Finally, I concur the trial court erred by granting summary judgment in favor of Robert D. Schultz, III. Therefore, I would sustain Lakeview's first assignment of error.

{¶ 30} I respectfully dissent, however, from the majority's conclusion that the trial court erred by denying Lakeview's motion for summary judgment. Notwithstanding the Ellison Affidavit, I would find Schultz's memorandum in opposition to Lakeview's motion raised a genuine issue of material fact regarding whether Lakeview actually complied with the second requirement of making a reasonable attempt to arrange a face-to-face meeting under 24 C.F.R. 203.604(d) by undertaking a trip to see the mortgagor at the mortgaged property. I disagree with the majority that the 14 photographs attached to the Ellison Affidavit are discernable. Rather, I find it difficult to discern what is being depicted. In two of the photographs, the individual taking the photographs appears to be holding some sort of rectangular paper with a hole; another photograph depicts a rectangular paper with a hole hanging from the door handle of the residence, perhaps having been left by the photographer. Due to the poor quality of the photographs, it is impossible to discern what, if anything, was written or printed on the paper. The Mortgage Contracting Services, LLC document is dated April 27, 2017, although the photographs appear to contain a date stamp of April 25, 2017. There is no narrative portion of the document describing who took the photographs or for what purpose. There is no indication in the Mortgage Contracting Services, LLC document that the individual who took the photographs was at the property for the purpose of arranging a face-to-face meeting with Schultz pursuant to 24 C.F.R. 203.604(d), or had authority to act on behalf of Lakeview. Likewise, the Ellison Affidavit provides no information identifying Mortgage Contracting Services, LLC or setting forth the relationship between that entity and Lakeview. The exhibit to the Ellison Affidavit also appears to include a one-page document referring to the Federal Housing Administration and containing sections titled "Help! I can't make my mortgage payment," "What should I do?," "What options will help me keep my home?," and "What options do I have if I can't keep my home?" Although the document generally advises the recipient to contact his or her lender, it does not appear to be specifically addressed to Schultz or refer to him by name, nor does it specifically refer to Lakeview or the servicer of the loan. Further, there is no indication how, if at all, this document is connected to the Mortgage Contracting Services, LLC document that precedes it. Schultz noted many of these deficiencies in his

memorandum in opposition to Lakeview's motion for summary judgment. Thus, although the Ellison Affidavit asserts the exhibit is a business record showing that a visit was made to the property for the purpose of arranging a face-to-face meeting with Schultz, the documents contained in the exhibit do not support this assertion.

{¶ 31} In considering Lakeview's motion for summary judgment, the court must resolve all doubts and construe the evidence in favor of Schultz as the non-moving party. *Pilz v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 04AP-240, 2004-Ohio-4040, ¶ 8. Applying this standard, I would conclude Lakeview failed to demonstrate there was no genuine issue of material fact as to whether it complied with 24 C.F.R. 203.604(d) by making a visit to the property for purposes of arranging a face-to-face meeting. Thus, Lakeview's motion for summary judgment cannot be decided solely on questions of law and undisputed fact and the trial court's denial of Lakeview's motion for summary judgment was not a final appealable order. Therefore, I would overrule Lakeview's second assignment of error and dismiss Lakeview's appeal to the extent it challenges the trial court's denial of its motion for summary judgment for lack of a final appealable order.

{¶ 32} For these reasons, I respectfully concur in part and dissent in part.

McGRATH, J., retired, formerly of the Tenth Appellate District, assigned to active duty under authority of the Ohio Constitution, Article IV, Section 6(C).

_____