[Cite as *Ocwen Loan Servicing L.L.C. v. Hamilton*, 2017-Ohio-8749.]

## IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Ocwen Loan Servicing, LLC, | : | |
| Plaintiff-Appellee, | : | |
| | : | No. 17AP-345 |
| v. | : | (C.P.C. No. 15CV-9244) |
| Matthew R. Hamilton et al., | : | (REGULAR CALENDAR) |
| Defendants-Appellants, | : | |
| United States of America, Department of Treasury, Internal Revenue Service, | : | |
| | : | |
| Defendant-Appellee. | : | |

D E C I S I O N

Rendered on November 30, 2017

**On brief:** *Clunk, Paisley, Hoose Co., LPA, Ashely E. Mueller*, and *Jason A. Whitacre*, for appellee Ocwen Loan Servicing, LLC. **Argued:** *Ashely E. Mueller.*

**On brief:** *The Dann Law Firm, Emily White, Brian D. Flick*, and *Marc E. Dann*, for appellants. **Argued:** *Emily White.*

APPEAL from the Franklin County Court of Common Pleas

DORRIAN, J.

{¶ 1} Defendants-appellants, Matthew R. and Rebecca A. Hamilton (collectively, "appellants"), appeal from a judgment of the Franklin County Court of Common Pleas granting a motion for summary judgment filed by plaintiff-appellee, Ocwen Loan Servicing, LLC ("Ocwen") on Ocwen's complaint for judgment on a promissory note and foreclosure on a mortgage. Because we conclude the trial court did not err by granting summary judgment in favor of Ocwen, we affirm.

## I.  Facts and Procedural History

{¶ 2}   On September 2, 2004, Matthew executed a promissory note to Mortgage Investors Corporation ("the Note").  The Note was indorsed to GMAC Bank by Mortgage Investors Corporation on September 7, 2004.  The Note was subsequently indorsed to GMAC Mortgage Corporation by GMAC Bank, then indorsed to GMAC Mortgage, LLC, by GMAC Mortgage Corporation, then indorsed to Ocwen by GMAC Mortgage, LLC, and, finally, indorsed in blank by Ocwen.  To secure payment of the Note, appellants executed a mortgage to Mortgage Electronic Registration Systems, Inc. ("MERS"), on certain property located in Columbus, Ohio ("the Mortgage").  The Mortgage was assigned from MERS to GMAC Mortgage, LLC, on January 16, 2008.  GMAC Mortgage, LLC, subsequently assigned the Mortgage to Ocwen on October 10, 2013.  On August 5, 2014, Matthew signed a loan modification agreement with Ocwen ("Loan Modification Agreement"), effective July 23, 2014, providing that, as of the effective date of the agreement, the principal balance on the Note was $181,810.44.  The Loan Modification Agreement further provided that Matthew would begin making principal and interest payments under the agreement on September 1, 2014.

{¶ 3}   On October 15, 2015, Ocwen filed a complaint for judgment on the Note and foreclosure on the Mortgage.[1]  Ocwen asserted that it was in possession of the Note and entitled to enforce it, and that it was the holder of the Mortgage.  Ocwen alleged that appellants were in default of the terms and conditions of the Note and Mortgage, and that Ocwen was entitled to judgment against Matthew in the amount of $181,810.44, plus interest from August 1, 2014, along with other charges and costs. Ocwen sought foreclosure on the Mortgage and sale of the property secured by the Mortgage.  Appellants filed an answer to the complaint, admitting that they entered into the Loan Modification Agreement, but denying default and asserting various defenses.

{¶ 4}   Ocwen moved for summary judgment against appellants, asserting there were no genuine issues of material fact and that it was entitled to judgment as a matter of law.  In support of its motion for summary judgment, Ocwen attached an affidavit from Jesse Rosenthal, a contract management coordinator for Ocwen ("the Rosenthal

---

[1] Ocwen later filed an amended complaint adding the United States Department of Treasury as a new party defendant, but retaining the same substantive claims.

affidavit"). Rosenthal attested that he had access to and was familiar with the records related to the servicing of the loan, the last payment was applied toward the August 1, 2014 payment, the loan was in default due to failure to submit the required monthly payments thereafter, and there was an unpaid principal balance on the loan in the amount of $181,810.44. Rosenthal also attested to the accuracy of a payment history record for the loan account that was attached as an exhibit to the affidavit. Ocwen also filed an affidavit from the business records custodian for its attorney attesting that the original promissory note was received from Ocwen and placed in a secure cabinet at the office of Ocwen's attorney.

{¶ 5}   The trial court granted summary judgment in favor of Ocwen, awarding judgment on the Note in the amount of $181,810.44, plus accrued interest, as well as late charges due under the Note and Mortgage, advances made for the payment of taxes, assessments, and insurance premiums, and the costs and expenses incurred for enforcement of the Note and Mortgage. The trial court also ordered foreclosure on the Mortgage and sale of the property conveyed under the Mortgage.

## II. Assignment of Error

{¶ 6}   Appellants appeal and assign the following single assignment of error for our review:

> THE TRIAL COURT ERRED IN GRANTING SUMMARY
> JUDGMENT TO APPELLEE.

## III. Discussion

{¶ 7}   An order granting summary judgment is subject to de novo review. *Capella III, L.L.C. v. Wilcox*, 190 Ohio App.3d 133, 2010-Ohio-4746, ¶ 16 (10th Dist.), citing *Andersen v. Highland House Co.*, 93 Ohio St.3d 547, 548 (2001). "[D]e novo appellate review means that the court of appeals independently reviews the record and affords no deference to the trial court's decision." (Internal quotations and citations omitted.) *Holt v. State*, 10th Dist. No. 10AP-214, 2010-Ohio-6529, ¶ 9. Summary judgment is appropriate where "the moving party demonstrates that: (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made." *Cappella III* at ¶ 16,

citing *Gilbert v. Summit Cty.*, 104 Ohio St.3d 660, 2004-Ohio-7108, ¶ 6. In ruling on a motion for summary judgment, the court must resolve all doubts and construe the evidence in favor of the non-moving party. *Pilz v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 04AP-240, 2004-Ohio-4040, ¶ 8. Therefore, we undertake an independent review to determine whether Ocwen was entitled to judgment as a matter of law on its complaint for judgment on the Note and foreclosure on the Mortgage.

{¶ 8} "A party seeking to foreclose on a mortgage must establish execution and delivery of the note and mortgage; valid recording of the mortgage; it is the current holder of the note and mortgage; default; and the amount owed." *Perpetual Fed. Sav. Bank v. TDS2 Property Mgt., L.L.C.*, 10th Dist. No. 09AP-285, 2009-Ohio-6774, ¶ 19, citing *Neighborhood Housing Servs. of Toledo, Inc. v. Brown*, 6th Dist. No. L-08-1217, 2008-Ohio-6399, ¶ 16. *See also CitiMortgage, Inc. v. Taylor*, 10th Dist. No. 15AP-726, 2016-Ohio-8337, ¶ 18 ("To prevail in an action for foreclosure, a plaintiff must prove: (1) execution and delivery of a note and mortgage, (2) valid recording of the mortgage, (3) the plaintiff is a person entitled to enforce the note and the holder of the mortgage, (4) he chain of transfers of the note and assignments of the mortgage, if the plaintiff is not the original lender, (5) the mortgagor is in default, (6) the plaintiff has met all the conditions precedent, and (7) the amount of principal and interest due."). In its complaint, Ocwen asserted that it was entitled to enforce the Note because it was in possession of the Note, which was endorsed in blank. Ocwen further asserted that it had an interest in the Mortgage as a result of the assignment of the Mortgage from GMAC Mortgage, LLC, to Ocwen.

{¶ 9} Appellants have not challenged Ocwen's standing in this appeal; instead, appellants argue that Ocwen failed to submit admissible evidence in support of its motion for summary judgment to establish a default in payment and the amount owed on the loan. Specifically, appellants point to an exhibit to the Rosenthal affidavit, which is purported to be a copy of the payment history for the loan. Appellants argue that this payment history record, which contains the label "Prior Servicer Payment History," is hearsay evidence because it appears to have been created by a prior loan servicer. Appellants claim the Rosenthal affidavit fails to set forth specific facts that would permit the record to be admitted into evidence. Appellants assert that without the inadmissible

hearsay evidence contained in the payment history record, Ocwen has failed to establish there was no genuine issue of material fact as to whether there was a default and the amount owed on the loan.

{¶ 10} Civ.R. 56(C) provides that "[s]ummary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Civ.R. 56(E) further provides that affidavits in support of or opposition to summary judgment must be made on personal knowledge and set forth facts that would be admissible in evidence. Generally, hearsay evidence is not admissible. Evid.R. 802. Evid.R. 803(6) contains an exception to the prohibition on hearsay evidence for records of "regularly conducted business activity * * * if it was the regular practice of that business activity to make the [record] as shown by the testimony of the custodian or other qualified witness." Ocwen argues the payment history record attached to the Rosenthal affidavit was admissible as a business record under Evid.R. 803(6).

{¶ 11} Although the provenance of the payment history record attached to the Rosenthal affidavit is unclear, we need not reach the question of whether that record was admissible under Evid.R. 803(6) because it was not the sole evidence introduced to establish that there was no genuine issue of material fact the loan was in default. In addition to the Rosenthal affidavit, Ocwen also supported its motion for summary judgment by attaching appellants' responses to Ocwen's written requests for admission. Appellants admitted in response to the requests for admission that no monthly payments on the loan had been sent beginning in September 2014. The admission that no payments were submitted beginning in September 2014 was effectively an admission that they failed to make any payments under the Loan Modification Agreement and that the loan was in default.

{¶ 12} Similarly, the payment history record was not the sole evidence of the amount owed on the loan. The Rosenthal affidavit also referred to the Loan Modification Agreement, and a copy of that agreement was attached to the affidavit. Under the terms of the Loan Modification Agreement, Matthew acknowledged that the amount payable on

the loan as of the effective date of the agreement was $181,810.44. The Loan Modification Agreement provided that it was effective as of July 23, 2014, and Matthew signed the agreement on August 5, 2014.

{¶ 13} Summary judgment may be based on written admissions establishing that there is no genuine issue of material fact. *See* Civ.R. 56(C); *Unifund CCR Partners v. Hall*, 10th Dist. No. 09AP-37, 2009-Ohio-4215, ¶ 19 ("Because Hall's own admissions established that she breached her contract with US Bank, we conclude that the trial court properly granted Unifund summary judgment."). *See also Paasewe v. Wendy Thomas 5 Ltd.*, 10th Dist. No. 09AP-510, 2009-Ohio-6852, ¶ 20 (holding that summary judgment may be granted based on admissions that arise due to a party's failure to timely respond to requests for admission). Under the circumstances presented in this case, based on appellants' responses to Ocwen's requests for admission and acknowledgment of the balance of the loan under the Loan Modification Agreement, the trial court did not err by concluding there was no genuine issue of material fact as to whether the loan was in default or the amount owed on the loan as of August 1, 2014. *See, e.g., Third Fed. Sav. Bank v. Cox*, 8th Dist. No. 93950, 2010-Ohio-4133, ¶ 18-19 (holding that summary judgment was proper on the issue of default where the defendant admitted in his answer he had defaulted under the terms and conditions of his home equity line of credit and testified in a deposition that he had not paid on the equity line for over one year despite owing on it); *Charter One Bank, F.S.B. v. Hamburger*, 6th Dist. No. L-01-1332 (Feb. 22, 2002) ("Clearly appellant, who by her own admission stopped making payments on the loan, was in default and the trial court did not err by granting summary judgment on the foreclosure action.").

{¶ 14} Accordingly, we overrule appellants' single assignment of error.

## IV. Conclusion

{¶ 15} For the foregoing reasons, we overrule appellants' single assignment of error and affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

KLATT, J., concurs.
HORTON, J., concurs in judgment only.

HORTON, J., concurring in judgment only.

{¶ 16} Appellants' main argument is that appellee's Rosenthal affidavit exhibit G, the "Prior Servicer Payment History," is hearsay evidence because it was created by a prior loan servicer, and that the affidavit fails to set forth specific facts that would permit the record to be admitted into evidence. The majority notes that although the provenance of the payment history record attached to the Rosenthal affidavit is unclear, we need not reach the question of whether that record was admissible under Evid.R. 803(6) because of responses to the requests for admission and the Loan Modification Agreement. I would address appellants' argument and, based on a de novo review construing the evidence in favor of the non-moving party as required by Civ.R. 56(C), find that the records contained in exhibit G, and Rosenthal's averments based on the records, constitute inadmissible hearsay.

{¶ 17} However, I agree with the majority's decision that based on appellants' responses to requests for admission, and acknowledgment of the balance of the loan under the Loan Modification Agreement, the trial court did not err by concluding that there was no genuine issue of material fact as to whether the loan was in default or the amount owed on the loan.

_____