**IN THE COURT OF CLAIMS OF OHIO**

| | |
|---|---|
| NADINE JOHNSON | Case No. 2022-00506JD |
| Plaintiff | Judge Lisa L. Sadler<br>Magistrate Holly True Shaver |
| v. | |
| | <u>DECISION</u> |
| OHIO DEPARTMENT OF TAXATION | |
| Defendant | |

{¶1} On June 28, 2022, Plaintiff filed a Complaint, asserting claims of fraud and unjust enrichment. On August 11, 2023, Defendant filed a Motion for Summary Judgment pursuant to Civ.R. 56(B). On September 11, 2023, Plaintiff filed a response. Pursuant to L.C.C.R. 4(D), the Motion for Summary Judgment is now fully briefed and before the Court for a non-oral hearing. For the reasons stated below, Defendant's motion is GRANTED.

**Standard of Review**

{¶2} Motions for summary judgment are reviewed under the standard set forth in Civ.R. 56(C), which states, in part:

Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to summary judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule.

{¶3} "[T]he moving party bears the initial responsibility of informing the trial court of the basis for the motion and identifying those portions of the record before the trial court which demonstrate the absence of a genuine issue of material fact on a material element of the nonmoving party's claim." *Dresher v. Burt*, 75 Ohio St.3d 280, 292, 662 N.E.2d 264 (1996). To meet this initial burden, the moving party must be able to point to

evidentiary materials of the type listed in Civ.R. 56(C). *Id.* at 292-293. "If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied." *Keaton v. Gordon Biersch Brewery Rest. Group*, 10th Dist. Franklin No. 05AP-110, 2006-Ohio-2438, ¶ 15.

{¶4} When the moving party makes a properly supported motion for summary judgment, the adverse party may not rest upon the mere allegations or denials in the pleadings but "by affidavit or as otherwise provided in [Civ.R. 56] must set forth specific facts showing that there is a genuine issue for trial. If the party does not so respond, summary judgment, if appropriate, shall be entered against the party." Civ.R. 56(E). In seeking and opposing summary judgment, parties must rely on admissible evidence and evidentiary material as provided in Civ.R. 56(E). *Keaton* at ¶ 18. The Court must resolve all doubts and construe the evidence in favor of the nonmoving party. *Pilz v. Dept. of Rehab. & Corr.*, 10th Dist. Franklin No. 04AP-240, 2004-Ohio-4040, ¶ 8.

**Facts**

{¶5} On November 19, 2018, Plaintiff inherited property from the estate of her mother-in-law, Mamie Johnson, through a Certificate of Transfer, which was recorded with the Cuyahoga County Recorder's Office. *Complaint*, ¶ 13-14. Richard S. Johnson, Mamie Johnson's son and Plaintiff's husband, was the executor of Mamie Johnson's estate; however, he held no interest in the property. *Id.* at ¶ 11, 20.

{¶6} On December 21, 2020, Plaintiff sold the property to Najiy Sabir and recorded the land installment contract with the Cuyahoga County Recorder's Office. *Id.* at ¶ 15. On December 22, 2021, a warranty deed was recorded with the Cuyahoga County Recorder's Office transferring title of the property from Plaintiff to Sabir. *Id.* at ¶ 17. Heights Title Agency, Inc. (Heights Title) processed the warranty deed. *Id.* at ¶ 18. Plaintiff asserts Heights Title improperly transferred a portion of the profits of the property sale to Defendant, the Ohio Department of Taxation, to satisfy Richard S. Johnson's tax liens. *Id.* at ¶ 21. Plaintiff asserts that these funds were improperly transferred because Richard S. Johnson has never held an interest in the property and therefore the funds from the sale were not eligible to pay the tax liens. *Id.* at ¶ 20, 24. Plaintiff asserts claims against Defendant for fraud and unjust enrichment. *Id.* at ¶ 27-40.

{¶7} In its Motion for Summary Judgment, Defendant asserts that, because it did not make any representation to Plaintiff that she had to satisfy Richard S. Johnson's debts from the sale of the property, there can be no valid fraud claim as a matter of law. *Defendant's Motion for Summary Judgment* at p. 4. Furthermore, Defendant argues there can be no valid unjust enrichment claim because it never received the funds as alleged in Plaintiff's complaint. *Id.* at p. 5.

**Law and Analysis**

**Fraud**

{¶8} For Plaintiff to establish her claim of fraud, she must prove the following elements:

(a) a representation or, where there is a duty to disclose, concealment of a fact, (b) which is material to the transaction at hand, (c) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred, (d) with the intent of misleading another into relying upon it, (e) justifiable reliance upon the representation or concealment, and (f) a resulting injury proximately caused by the reliance.

{¶9} *Morrow v. Reminger & Reminger Co., LPA*, 183 Ohio App.3d 40, 2009-Ohio-2665, 915 N.E.2d 696, ¶ 20 (10th Dist.).

**Unjust Enrichment**

{¶10} "To succeed in a claim for unjust enrichment, the trial court must find: '(1) a benefit conferred by the plaintiff on the defendant, (2) knowledge of the benefit by the defendant, and (3) retention of the benefit by the defendant in circumstances where it would be unjust to do so.'" *Longmire v. Danaci*, 2020-Ohio-3704, 155 N.E.3d 1014, ¶ 32 (10th Dist.), quoting *Lundeen v. Smith-Hoke*, 10th Dist. No. 15AP-236, 2015-Ohio-5086, ¶ 51.

{¶11} In support of its motion, Defendant filed the affidavit of Andrew Littlefield, Deputy Director of Resolutions for the Attorney General's Office, who avers, in relevant part, as follows:

3. Pursuant to R.C. 131.02, the Attorney General is tasked with collecting final outstanding debt owed to the State of Ohio for state agencies, institutions, boards, commissions, public university [sic] and hospitals, and local government entities. These debts include certified liabilities associated with tax liens.

4. Title companies frequently request lien payoff information from the Attorney General regarding outstanding liens associated with parties to real estate transactions. This is to insure the transfer of title is not encumbered with a pre-existing lien.

5. On or about December 22, 2021, the Attorney General received a Request for Payoff Information Form ("Form") from Heights Title Agency, Inc. A true and accurate copy of that document is attached to this Affidavit.

6. The Request for Payoff Information Form is a release, allowing the Attorney General to disclose information about an individual's debts to third parties. When the Attorney General responds to such a request, it does not take a position on whether those liens encumber a particular piece of property. The Attorney General only provides the information to requestor as authorized by the individual.

7. The Form was signed by Richard S. Johnson and authorized the release of information to Heights Title Agency, Inc.

8. In January 2022, the Attorney General released its response to Heights Title Agency, Inc's request. The response itemized debts owed by Richard S. Johnson to the State of Ohio and provided reference numbers for those debts.

9. Since sending out the response, the Attorney General has no record of receiving funds from Heights Title Agency, Inc., or anyone else, to satisfy any of Richard S. Johnson's outstanding debts to the State of Ohio.

Defendant's Exhibit B.

{¶12} Included as an attachment to Defendant's Answer is a copy of the Request for Payoff Information form, which was received by Defendant via fax on December 22,

2021. The Request for Payoff Information form is signed by Richard S. Johnson, gives permission for Defendant to release to Heights Title (1) information related to debts owed to the State of Ohio which have been certified to the Attorney General for collection and (2) documents which effect a release of liens related to those debts. The attachments to the form include printouts of two judgment liens in Cuyahoga County, Ohio for an individual named Spencer Johnson.

{¶13} Defendant also filed Plaintiff's responses to Defendant's First Set of Interrogatories, Requests for Admissions, and Requests for Production of Documents. *Defendant's Exhibit A to its Motion for Summary Judgment.* In the Requests for Admissions, Plaintiff admits that she has no personal knowledge that Heights Title paid any funds to the Ohio Department of Taxation, that she never gave any funds directly to the Ohio Department of Taxation, and that her assertion that the Ohio Department of Taxation improperly accepted payment of "tax/judgment liens" is solely based on representations made by Heights Title. *Id.*

{¶14} Based on the foregoing, Defendant has identified evidentiary materials of the type listed in Civ.R. 56(C) that demonstrate the absence of a genuine issue of material fact on a material element of Plaintiff's claims. Specifically, as to the fraud claim, Defendant has shown that it responded to a form from Heights Title signed by Richard S. Johnson who authorized the release of itemized debts owed by Richard S. Johnson to the State of Ohio. The affidavit establishes that the information was not made falsely. Moreover, the affidavit shows that Defendant never made a material representation to Plaintiff or Heights Title that it was entitled to Plaintiff's funds from the property sale. In fact, Plaintiff's name does not appear on the Request for Payoff Information Form signed by Richard S. Johnson. As to the unjust enrichment claim, the affidavit establishes that the Attorney General has no record of receiving funds from Heights Title or anyone else to satisfy any of Richard S. Johnson's outstanding debts to the State of Ohio. Therefore, Defendant has pointed to evidence to show that it has not retained a benefit from Plaintiff.

{¶15} Because Defendant met its burden to show there is no genuine issue as to any material fact, the burden, viewing the evidence most favorably in Plaintiff's favor, shifts to Plaintiff to set forth specific facts showing that there is a genuine issue for trial. Civ.R. 56(E). In response to Defendant's motion, Plaintiff asserts that Defendant received

the payment from Heights Title because Heights Title "stated it paid and the Defendant accepted payment of the aforementioned tax/judgment liens," and thus was unjustly enriched. *Plaintiff's Memorandum in Opposition to Defendant's Motion for Summary Judgment*, p. 9. In addition, Plaintiff filed her own affidavit, wherein she states, in relevant part:

> 12. Based upon information and belief, Heights Title paid and the Department of Taxation improperly accepted payment of the aforementioned tax/judgment liens as a condition for the closing of the real estate transaction between Najiy Sabir and me.
>
> 13. In addition, upon information and belief, Heights Title paid $11,065.19 to the Cuyahoga County Treasurer for alleged 2020 taxes and alleged delinquencies related to the Property.
>
> 14. No paperwork signed was ever notarized by and/or with me or Richard S. Johnson.
>
> 15. It is my belief that the aforementioned alleged debts were not proper liens of record or encumbrances that were subject to payment out of the proceeds under the terms of the escrow agreement and/or other agreement and/or understanding of the relevant parties.
>
> 16. As a result of the improper payments, I only received $43,500.00 in proceeds from the sale of the Property to Najiy Sabir.
>
> 17. A federal IRS Form 1099-S using my social security number, but under the name of Mr. Johnson, was also improperly issued.

Plaintiff's Exhibit A.

{¶16} Civ.R. 56(E) states that "affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated in the affidavit." "Personal knowledge is knowledge gained through firsthand observation or experience, as distinguished from a belief based on what someone else said." *State ex rel. Anderson v. The Vill. of Obetz*, 10th Dist. Franklin No. 06AP-1030, 2008-Ohio-4064, at ¶ 22 (internal citations omitted).

{¶17} In Plaintiff's affidavit, she asserts that the statements supporting claims of Defendant's alleged fraud and unjust enrichment were based on "information and belief" rather than personal knowledge. *Nadine Johnson Affidavit*, ¶ 12. Furthermore, Plaintiff's belief is based on information obtained from Heights Title. Since these representations were made by a third party and do not arise from Plaintiff's personal knowledge of Defendant's actions, they are invalid to show that an issue of material fact exists. Plaintiff has not submitted any other evidence to support her claims. Although Plaintiff contends that Defendant accepted payment from Heights Title for the judgment liens, Plaintiff has not provided the Court with any documentation to support that claim. Plaintiff's memorandum and attached affidavit do not point to corroborative evidence that an issue of material fact exists regarding the elements of fraud or unjust enrichment.

{¶18} Plaintiff argues Defendant is not entitled to summary judgment because Defendant did not provide any evidence contrary to Plaintiff's assertions for the fraud claim. *Plaintiff's Memorandum in Opposition to Defendant's Motion for Summary Judgment*, p. 7. Plaintiff thus asserts that, because Defendant did not present evidence that it did not receive the funds, an issue of material fact remains. This is not so. Pursuant to Civ.R. 56(E), Defendant submitted the affidavit of Andrew Littlefield wherein he attests Defendant has no record of receiving any funds from Plaintiff or Heights Title. Defendant's Exhibit B, ¶ 9. This affidavit is sufficient evidence to establish that no funds were received by Defendant. Plaintiff has presented no documentation to show that Defendant received proceeds from the sale of the property, or any other evidence that the transaction ever occurred. Although the Request for Payoff Information Form is signed by Richard S. Johnson and pertains to the property that Plaintiff claims was solely bequeathed to her, Plaintiff's name does not appear on the form. At most, the evidence shows that Defendant responded to a Request for Payoff Information Form initiated by Richard S. Johnson and Heights Title. The affidavit of Littlefield shows that when the Attorney General responds to such a request, it does not take a position on whether the liens encumber a particular piece of property. Because the evidence does not show that Defendant represented to Plaintiff that it was entitled to receive funds from the sale of her property or that Defendant ever received any funds from the sale of her property,

reasonable minds can conclude only that there are no genuine issues of material fact and that Defendant is entitled to summary judgment as a matter of law.

{¶19} Defendant met its initial burden, pursuant to Civ.R. 56(C), to demonstrate that there is no genuine issue as to any material fact that it made any fraudulent representation to Plaintiff or Heights Title that it was entitled to proceeds from the property sale, or that it was unjustly enriched from the property sale. However, Plaintiff did not meet her reciprocal burden, pursuant to Civ.R. 56(E), to set forth specific facts showing that there is a genuine issue of material fact for trial. Accordingly, Defendant is entitled to judgment as a matter of law and its Motion for Summary Judgment is GRANTED.

**Conclusion**

{¶20} For the reasons stated above, Plaintiff did not present sufficient evidence to demonstrate that there are triable issues of material fact. *See Mitchell v. Mid-Ohio Emergency Servs.,* LLC, 10th Dist. Franklin No. 03AP-981, 2004-Ohio-5264, 12, citing *Turner v. Turner*, 67 Ohio St.3d 337, 340, 617 N.E.2d 1123 ("In the summary judgment context, a 'material' fact is one that might affect the outcome of the suit under the applicable substantive law."). For the reasons set forth above, Defendant's Motion for Summary Judgment is GRANTED.

 

LISA L. SADLER
Judge

[Cite as *Johnson v. Ohio Dept. of Taxation*, 2023-Ohio-4139.]

| | |
|---|---|
| NADINE JOHNSON | Case No. 2022-00506JD |
| Plaintiff | Judge Lisa L. Sadler<br>Magistrate Holly True Shaver |
| v. | <u>JUDGMENT ENTRY</u> |
| OHIO DEPARTMENT OF TAXATION | |
| Defendant | |

## IN THE COURT OF CLAIMS OF OHIO

{¶21} A non-oral hearing was conducted in this case upon Defendant's Motion for Summary Judgment. For the reasons set forth in the decision filed concurrently herewith, Defendant's Motion for Summary Judgment is GRANTED and judgment is rendered in favor of Defendant. All previously scheduled events are VACATED. Court costs are assessed against Plaintiff. The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

LISA L. SADLER
Judge

**Filed October 27, 2023**
**Sent to S.C. Reporter 11/16/23**